## Mayfield Land Company v. Via.

(Decided November 16, 1920.)

### Appeal from Hickman Circuit Court.

1. Contracts—Validity.—One who can read and has an opportunity to read, the contract which he signs, must stand by the words of his contract unless he was misled as to the nature of the instrument, or his signature was obtained by fraud.

2. Contracts—Fraud—Evidence—Question for Jury.—The owner of a farm executed a written contract giving a real estate brokerage firm the exclusive right to sell his farm for a period of twelve months. During that period he sold the farm himself. In a suit for the commission he testified that he told the company's agents he would give them until October 1st to make the sale, and that he signed the contract without reading it, having confidence enough in them to think they would put it down like he told them. He did not testify that plaintiff's agents made any misrepresentations as to the contents of the instrument, or that they said anything to induce him to sign the contract without reading it: Held, that the facts were not sufficient to show fraud, and that the trial court should have directed a verdict in favor of plaintiff.

HOLIFIELD & McDONALD for appellant.

J. D. VIA for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting appeal and reversing.

On July 29, 1918, C. B. Via entered into a written contract with the Mayfield Land Company, by which he

employed the company as his exclusive agent for a period of twelve months to sell his farm located in Hickman county. The contract also provided that the company was to receive five per cent commission upon the consideration received, and that while the contract was in force Via waived his right to sell the farm, except under certain conditions not material to this controversy.

During the month of October, 1918, and while the contract was in force, Via sold the farm and the Mayfield Land Company brought this suit to recover its commission of $400.60. Via defended on the ground that the contract was to expire on October 1, 1918, and that by mistake or fraud the words, "twelve months," were inserted in the contract by the agents of plaintiff. A trial before a jury resulted in a verdict and judgment for defendant, and plaintiff has prayed an appeal.

After proof of the execution of the contract, the defendant testified in substance as follows: He went into plaintiff's office to inquire as to the whereabouts of Mr. Stanfield. Plaintiff's agent asked him if he had any land for sale. He replied that he had a farm of 105 acres which plaintiff could sell if the sale was made by the time the bond became due, which was the first of October. During that time, plaintiff's agent was writing on a leaf of paper. When he signed the contract, he thought it expired the first of October. That was the only reason he signed it. He had confidence enough in them to think that they would put it down like he told them. He did not know that the words, "twelve months," were in the contract when he signed it. On cross-examination, defendant stated that he knew that he was signing a contract listing his land for sale, that he did not remember whether the room was well lighted, that he knew how to read ordinary plain writing but was not much on reading lawyer's writing. When he signed the contract, he signed it without reading it, and plaintiff's agent did not ask him to read it or offer to read it to him. In rebuttal, two of plaintiff's agents, who were present, stated that the time of the sale was not limited to October 1st, but that the written agreement was the only contract made between the parties.

It has long been the settled rule in this state that a party who can read, and has an opportunity to read the contract which he signs, must stand by the words of his contract unless he was misled as to the nature of the instrument, or his signature was obtained by fraud. United Talking Machine Co. v. Metcalf, 164 Ky. 258, 175 S. W.

357. Reduced to its final analysis, defendant's whole defense is that he stated to plaintiff's agent that he would give the company the contract until October 1st, and the only reason he signed the contract was that he had confidence enough in the company's agents to think that they would put it down like he told them. He did not testify that plaintiff's agents made any misrepresentation as to the contents of the instrument, or that they had said anything to induce him to sign the contract without reading it. It therefore follows that the facts relied on were not sufficient to show fraud and that the trial court should have directed a verdict in favor of plaintiff.

Wherefore the appeal is granted, and the judgment reversed and cause remanded for a new trial consistent with this opinion.